**Leo P. GRACHOW, Plaintiff,**

v.

**UNITED STATES CUSTOMS SERVICE
et al., Defendants.**

Civ. A. No. 78–0793.

United States District Court,
District of Columbia.

Dec. 30, 1980.

William E. Persina, Associate Gen. Counsel, National Treasury Employees Union, Washington, D. C., for plaintiff.

Cameron M. Blake, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

This matter is before the Court on the defendants' motion for summary judgment. This dispute arises under subsections (d)(1), (d)(2), and (e)(4) of the Privacy Act, 5 U.S.C. § 552a, the statute "dedicated to the protection of privacy." *Albright v. United States*, 631 F.2d 915, 919 (D.C.Cir.1980). The Privacy Act provides a mechanism for individuals to gain access to records pertaining to them that are within government agencies' systems of records. As originally filed, this action was brought by two employees of the defendant United States Custom Service, Leo P. Grachow and Robert J. Fitzgerald, as well as by the National Treasury Employees Union (NTEU). Plaintiffs Fitzgerald and NTEU were dismissed from the case with prejudice, the union by order of the Court and Mr. Fitzgerald by stipulation of the parties.

The remaining plaintiff, Leo P. Grachow, is a Customs Inspector at the Preclearance Station in Montreal, Canada. On February 6, 1978, he made two requests to his superiors for information pertaining to him in the files of his employer. He asked the Branch Chief, Mr. Hubert Papelian, for "any and all material you have accumulated in your files pertaining to, or mentioning, myself. The period of time covered by such material(s) is from November 29, 1973 to the present." Grachow Aff. ¶ 4. Mr. Grachow received from Mr. Papelian a file maintained and identified by the name, "Leo P. Grachow." Papelian Aff. ¶ 5. The plaintiff also on February 6 wrote to the Regional Personnel Office requesting a copy of his "complete personnel folder." Grachow Aff. ¶ 16. After paying copying costs, on April 12, 1978 he was supplied with a copy of his personnel folder. Attachment 3 to Aff. of Christopher Doherty.

On February 14, 1978, the plaintiff initiated an additional request, to William Griffin, the Regional Commissioner of Customs. *See* Complaint, Exh. B; Doherty Aff. ¶ 6. This request sought "copies of all materials concerning myself held by you under the heading Personnel Files of Customs Employees," referring to the system of records for Customs employees explained at 42 Fed. Reg. 49243 (Sept. 26, 1977). On March 10, 1978, Mr. Christopher Doherty, Assistant Regional Counsel for the defendant, telephoned the plaintiff to discuss exactly what documents the plaintiff was interested in. Grachow Aff. ¶¶ 14–20. On March 17, 1978, Mr. Griffin wrote the plaintiff describing what files were available and offering plaintiff access to all of them. Doherty Aff., Attachment 5.

Mr. Grachow then filed the complaint in this action and attached to that complaint three documents, all highly critical of him, as Exhibits C, D, and E. Exhibit C, dated March 31, 1976, is a memorandum from Mr. Papelian to Mr. Griffin referring to "Suspension and/or Reassignment of Leo P. Grachow," and discussing Mr. Grachow's effect on other employees and the work atmosphere at the Montreal Station. The memorandum recommends that Mr. Grachow be suspended or reassigned. Exhibit D, a memorandum from Mr. Papelian to Mr. David A. Emmons, Employees Relations Specialist, dated March 27, 1976, refers to a possible "Unfair Labor Practice Charge" against Leo P. Grachow. Exhibit E is a letter written December 31, 1975 by Mr. Papelian to Mr. Griffin, discussing in general the labor relations at the Montreal Station, mentioning the reelection of Mr. Grachow as President of the union chapter. None of these documents were provided to Mr. Grachow in response to any of his Privacy Act requests. Grachow Aff. ¶¶ 6, 22.

After receiving the complaint in this action, Mr. Doherty undertook to search for Exhibits C, D, and E, aided by Mr. Papelian. Mr. Papelian found Exhibit C in its original form in a general file entitled "Extension and Reassignment." Papelian Aff. ¶ 10(a). Mr. Doherty discovered the original of Exhibit D in a folder in the Employee and Labor Relations Branch, within the system of files discussing unfair labor practice complaints. The file containing Exhibit D was headed "Case # 31–09929(CA), March, 1976, Unfair Labor Practice, Montreal." Mr. Doherty also found Exhibit E in the same Branch, within the file system related to union activities. The folder containing Exhibit E was entitled "St. Albans (Chapters 148, 12, 34)." [1]

The plaintiff instituted this action to recover monetary damages suffered because he was denied access to records pertaining

---

1. It is of interest that the defendants contend that Mr. Papelian offered to the plaintiff access to employee grievance files and unfair labor practice files in particular, and any other files, so that the plaintiff could inspect them for records pertaining to him. *See* Papelian Aff. ¶¶ 7, 8. The plaintiff did not avail himself of the opportunity to examine these files. *See* Grachow Aff. ¶ 13. The defendants also indicate in their reply memorandum that the files remain open to the plaintiff for his inspection at any time. *See* Defendants' Reply in Support of Motion for Summary Judgment Regarding Claims of Plaintiff Grachow at 2. Mr. Doherty also informed the plaintiff that he could examine the grievance file maintained by the Regional Office, and Mr. Grachow did not seek to examine this file. *See* Grachow Aff. ¶¶ 17–20.

to him allegedly in violation of the Privacy Act. Plaintiff also seeks an order from the Court requiring the defendants to provide access to the records plaintiff requested and mandating that defendants give notice of all systems of records concerning the plaintiff or to cease the maintenance of undisclosed systems of records. The defendants have moved for summary judgment, arguing that under the Privacy Act the plaintiff is entitled only to those records that are retrievable by use of the plaintiff's name or other personal identification characteristic. It appears under the facts as agreed on by the parties and as set out in the affidavits and exhibits, namely the nature of the plaintiff's requests and the responses thereto, that the defendants are entitled to judgment as a matter of law because they fulfilled their obligations under the Privacy Act.

> The Privacy Act defines "record" as: [a]ny item, collection, or grouping of information about an individual that is maintained by an agency ... and that contains his name or identifying number, symbol or other identifying particular ....

5 U.S.C. § 552a(a)(4). The Act defines a "system of records" as:

> [a] group of any records under the control of an agency from which the information is retrieved by the name of the individual or by some identifying number, symbol or other identifying particular assigned to the individual.

5 U.S.C. § 552a(a)(5). Under the framework of these definitions, and subject to certain limitations and exceptions, the Act gives access "upon request by any individual ... to his record or to any information pertaining to him which is contained in the system ...." 5 U.S.C. § 552a(d)(1).

The defendants argue that summary judgment is appropriate because the Customs Service complied with the terms of the statute in providing to the plaintiff all of the records that could be retrieved by use of his name or other identifying particular. Under the definition of "system of records," defendants argue, they must furnish to an individual those materials that can be retrieved by using the name of that individual. They are not, defendants claim, required to search every file they maintain in order to discover references to the individual requestor.

The plaintiff, citing the broadly phrased goals of access motivating the passage of the Privacy Act, proposes that the defendants' reading of the definition of "system of records" represents a narrow approach which frustrates the purposes of the Act. Plaintiff argues that under the Act, an agency should be required to furnish to an individual who files a proper request, all materials in which that individual is named in, or carries a prominent role. For example, the plaintiff contends that any time an individual is named in the heading of a document, the agency should have to include that document in responding to a Privacy Act request.

■ Plaintiff's suggestion ignores the express definitions in the Privacy Act of "records" and "system of records," limiting access to those records which can be retrieved by reference to the name or identifier of the requestor. "The meaning of a statute must, in the first instance, be sought in the language of the statute itself. If the language is clear and unambiguous, a court must give effect to its plain meaning." *Albright v. United States*, 631 F.2d 915, 918 (D.C.Cir.1980), citing *United States v. Clark*, 445 U.S. 23, 100 S.Ct. 895, 63 L.Ed.2d 171 (1980).

■ A consistent line of decisions, moreover support the proposition that access under the Privacy Act is limited to records that can be retrieved by use of the requestor's name or other identifying particular, and that an agency is not required in responding to a request to search each and every record it maintains in order to discover material that might pertain to the individual requestor. In *Smiertka v. United States Department of Treasury*, 447 F.Supp. 221 (D.D.C.1978), *remanded* 604 F.2d 698 (D.C.Cir.1979), the Court of Appeals remanded a Privacy Act dispute to

the District Court after the District Court had entered summary judgment for the defendants. The appeal in that case, however, concerned the narrow question whether a certain exemption of the Privacy Act applied to the plaintiff's request. A remand was ordered because intervening events between the disposition in the District Court and the Court of Appeals raised doubts of the appellate panel as to where the documents in dispute in fact were filed. Otherwise, the Court of Appeals left undisturbed the holding of Judge Sirica that the plaintiff was not entitled to access to "records that are not keyed to a personal identifier attached to the requesting individual." 447 F.Supp. at 226, n.37. The Court elaborated:

> Only if information about individuals is maintained in groups of records keyed to the requestor are agencies required to afford access. This means that even if information pertaining to the requestor appears in a system of records, it need not be disclosed unless the information is retrievable by means of the requestor's name or other personal identifier. That it can be easily retrieved in some other way by some other identifier is wholly beside the point.

*Id.* at 228. The Court of Appeals, in considering the appeal in *Smiertka*, quoted, with apparent approval, guidelines issued by the Office of Management and Budget discussing the limitation of access to systems of records:

> [T]he Congress did not intend to require that an individual be given access to information which the agency does not retrieve by reference to his or her name or some other identifying particular.... If an individual is named in a record about someone else ... and the agency only retrieves the portion pertaining to him by reference to the other person's name ... the agency is not required to grant him access. Indeed, if this were not the case, it would be necessary to establish elaborate cross-references among records, thereby increasing the potential for privacy abuses.

604 F.2d at 703, n.11, *quoting* 40 Fed.Reg. 28957 (July 9, 1975). These guidelines are entitled to the traditional deference accorded to an agency's interpretation of a statute. *See Albright v. United States*, 631 F.2d 915, 919–920, n.5 (D.C.Cir.1980).

Decisions of other courts support the view that an agency is not required to furnish a requestor materials not retrieved by the individual's name or other identifying particular. In *Savarese v. United States Department of Health, Education & Welfare*, 479 F.Supp. 304 (N.D.Ga.1979), *aff'd* 620 F.2d 298 (5th Cir. 1980), the Court considered a dispute where the plaintiff alleged that the agency unlawfully disseminated information in violation of the Privacy Act's mandate that no information pertaining to an individual that is in an agency's system of records be released without permission of the individual. *See* 5 U.S.C. § 552a(b). Defendant released information that pertained to the plaintiff without his permission, but the materials were located in general files not retrievable by the use of plaintiff's identifying name or number. The Court held that summary judgment was properly entered as to that part of the complaint, noting that otherwise,

> no government employee could utter a single word concerning any person without first reviewing all systems of records within the agency to determine whether or not the information in question was contained therein.... It borders on the absurd to contend that all officials should have a pansophic recall concerning every record within every system of records within the agency.

479 F.Supp. at 308. The Court's rationale is equally applicable in a situation such as the instant case, because were the plaintiff to prevail, each request under the Privacy Act would necessitate a major search by the agency through all of its systems of records to discover documents pertaining to the plaintiff but not retrievable by use of his name or number.

Another line of decisions under the Privacy Act supports this result. The government, in defending numerous Privacy Act

cases, attempted to assert that the Act required agencies to furnish access to information only about the requestor's individual activities, not his "entreprenurial" or proprietary activities. In *Zeller v. United States,* 467 F.Supp. 487 (E.D.N.Y.1979), the Court rejected this exception to the Act's mandate, holding that the Act requires that individuals have access to information, of whatever sort, that is retrievable by use of the individual's identification. The Court noted, "The scope of information available under the statute is defined not by the content of the record maintained by the agency, but by the retrieval method used in the agency's system of records." *Id.* at 499.

 Based on these principles, it is clear that the plaintiff is entitled to no more than any materials that can be retrieved from the agency's system of records by use of his name or identifying number or other characteristic. Congress's language in the statute is plain and unambiguous. Congress did not intend that the Privacy Act require agencies to furnish access to all materials that pertain to an individual; rather, Congress desired that individuals be granted an opportunity to view records that pertain to them only to the extent that the records could be retrieved by use of the individual's particular identity. To hold otherwise would cause an enormous burden to be placed upon agencies that maintain records. For each Privacy Act request, a staff would have to cull and screen the countless, potentially millions of pages of documents, regardless of how labelled, indexed, or stored, in order to discover materials pertaining to the requestor. Such a ruling would be contrary to the purpose of the statute and to sound public policy. However one may hypothesize that some of these documents, such as exhibits C, D, and E, may have been more appropriately placed in the file specifically characterized and identified as referring to the plaintiff, it was nevertheless not incumbent on the defendant to file its records as plaintiff would wish. There is no showing or even serious allegation of bad faith on defendants' part.

"The purpose of [the Act], as amended, is to promote governmental respect for the privacy of citizens by requiring all departments and agencies of the executive branch and their employees to observe certain constitutional rules in the computerization, collection, management, use, and disclosure of personal information about individuals." S.Rep.No.1183 [1974] U.S.Code Cong. & Ad. News, 1974 at 6916. Those rules have been followed in this case.

It appearing that there are no outstanding material issues of fact involved herein and that the defendants are entitled to judgment as a matter of law, the defendants' motion for summary judgment will be granted and the case will be dismissed with prejudice.

It is so ordered.