Leroy BOYD, Plaintiff-Appellant,

v.

SECRETARY OF THE NAVY,
Defendant-Appellee.

No. 82–6006
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 11, 1983.

Algia R. Cooper, Pensacola, Fla., for Boyd.

Samuel A. Alter, Jr., Asst. U.S. Atty., Pensacola, Fla., David E. Kirkpatrick, U.S. Navy, Norfolk, Va., for defendant-appellee.

Before RONEY, VANCE and ANDER-SON, Circuit Judges.

PER CURIAM:

Leroy Boyd appeals a judgment for the defendant in this suit brought pursuant to the Privacy Act. 5 U.S.C. § 552a. Boyd contends that certain materials were "records" maintained within a "system of records" under the Act, and that such materials improperly described exercise of his rights guaranteed by the first amendment. We affirm.

Boyd is employed as a machinist supervisor at the Naval Air Rework Facility in Pensacola, Florida. In April 1981, he authored a series of memoranda addressed to his supervisors at the rework facility. Boyd opined that a planned training program was unnecessary because the facility already employed qualified personnel who could fill the positions.

Appellant forwarded the first three memos via his immediate and second line supervisors, i.e., through the "chain of command." The fourth memo authored by Boyd was sent directly to the department head, bypassing the standard avenues of communication within the facility. Following the fourth memorandum, Boyd's supervisors convened a meeting between Boyd and two of his supervisors. Boyd claims that during the meeting he was verbally reprimanded and told that he was "anti-management" for writing the memos. He also claims that the reprimand deterred him from writing further memoranda concerning employment practices. The supervisors, by contrast, testified that the purpose of the meeting was to discuss the proper chain of command and that the only limitation on writing memoranda was that they be sent through the established channels of communication.

Boyd's supervisors made a memorandum of the meeting. They testified that the memo's purpose was to serve as a memory refresher, not as an official record. It was prepared on official Navy stationery and labeled "memorandum for the record."

There was an original and one copy, one of which was kept in a personnel file in the desk of the general foreman and the other in a desk drawer. The memo was not filed by name or number, and it could only be retrieved at random from the folder.

Boyd requested a copy of the memorandum. After being told to give Boyd a copy of the document, one of the supervisors destroyed both the original and the copy. A second copy of the memorandum was subsequently found by an employee, apparently inadvertently, in the mail bins of the rework facility.

Boyd filed this lawsuit claiming the Navy violated the Privacy Act by refusing him access to the memo, failing to maintain accurate, relevant and timely records, and destroying the memo. After a bench trial, the district court found for the Navy.

(1)

"Record" Within a "System of Records"

The Privacy Act requires any agency maintaining a system of records to permit any person, upon request, to gain access to his record or any information about him contained in the system. 5 U.S.C. § 552a(d)(1). The district court found that while the memorandum at issue in this case was a "record," it was not maintained in a "system of records." We agree.

■ The statute defines a "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or *employment* history that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." *Id.* at § 552a(a)(4) (emphasis added). A record must reflect some quality or characteristic of the individual involved. *See* S.Rep. No. 1183, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 6916, 6926–28, 6966. *See also American Federation of Government Employees v. National Aeronautics and Space Administration*, 482 F.Supp. 281, 283 (S.D.Tex.1980). Because the memorandum in this case re-

flected Boyd's failure to follow the chain of command and his relationship with management, it was a "record" within the meaning of the Act.

■ The record was not, however, kept within a "system of records." A "system of records" is a group of records within the agency's control "from which information is retrieved by the name of the individual or by some identifying particular." 5 U.S.C. § 552a(a)(5). The Privacy Act Guidelines promulgated by the Office of Management and Budget provide that individuals only have a right of access to information keyed to the requestor's own name or identifying number or symbol. *See* Privacy Act Implementation: Guidelines and Responsibilities, 40 Fed.Reg. 28,948, 28,957 (July 9, 1975). Thus, a record must be maintained by the agency in a group of records cued to the requestor. *See Savarese v. Department of Health, Education and Welfare*, 479 F.Supp. 304, 307 (N.D.Ga.1979), *aff'd.*, 620 F.2d 298 (5th Cir.1980), *cert. denied*, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1980); *Smiertka v. Department of Treasury*, 447 F.Supp. 221, 228–29 (D.D.C.1978), *remanded on other grounds*, 604 F.2d 698 (D.C.Cir. 1979).

Private notetaking is not proscribed by the Privacy Act. Such notetaking "may serve as valuable memory refreshers when supervisors are called upon periodically to evaluate an employee's job performance and work attitude." *Chapman v. National Aeronautics and Space Administration*, 682 F.2d 526, 528 (5th Cir.1982). *See also Thompson v. Department of Transportation*, 547 F.Supp. 274, 283 (S.D.Fla.1982). The notes must be kept private and cannot be used in decisions affecting the employment status of an employee. Initially private notes "may become part of the agency's records provided they are placed timely in those records." *Chapman*, 682 F.2d at 529.

■ The memorandum in question was not in a "system of records" of the rework facility. It was not keyed to Boyd's name or any identifying number which would

subject it to the purpose behind the Privacy Act of protecting information from being gathered through computers or other sophisticated technological· equipment. It was kept within a random-type file and could only be retrieved by searching through the file. Further, it was not used in making any decisions concerning Boyd's employment status. As such, it was merely a memory aid of the superiors who attended the meeting with Boyd. While a copy was found at a later date, it was not retrieved through a "system of records" and its disclosure would not have been a violation of the Privacy Act. *See Savarese,* 479 F.Supp. at 308.

### (2)

### First Amendment

■ The Privacy Act prohibits maintaining any record describing how an individual exercises his or her first amendment rights. The statute provides that governmental entities covered by the Act may "maintain no record describing how an individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). *See also* S.Rep. No. 1183, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 6916, 6971. A record need not be within a "system of records" to violate this provision, *Clarkson v. Internal Revenue Service,* 678 F.2d 1368, 1375–77 (11th Cir. 1982); *Albright v. United States,* 203 U.S. App.D.C. 333, 631 F.2d 915 (D.C.Cir.1980), but for a Privacy Act violation to occur the documents involved must implicate an individual's first amendment rights. Boyd claims that the memorandum in his case violated section 552a(e)(7) of the Act. We cannot agree.

The Supreme Court recently addressed this subject area in *Connick v. Myers,* —— U.S. ——, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Myers was employed as an assistant district attorney. When her supervisors proposed to transfer her, Myers strongly

objected. Shortly thereafter, she circulated to other attorneys in her office a questionnaire concerning office transfer policy, morale and the need for a grievance procedure· Myers' employment was terminated and she brought a civil rights action under 42 U.S.C. § 1983 contending that her discharge was motivated by her lawful exercise of rights guaranteed by the first amendment.

The Supreme Court found that Myers' dismissal did not offend the first amendment. The Court carefully noted that it "in no sense suggest[ed] that speech on private matters falls into one of the narrow and well-defined classes of expression which carries so little social value, such as obscenity, that the state can prohibit and punish such expression of all persons in its jurisdiction." *Id.* at ——, 103 S.Ct. at 1690. It held "only that when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, a federal court is not the appropriate forum in which to review the wisdom of a personal decision taken by a public agency allegedly in reaction to the employee's behavior." *Id.*

■ The memorandum in this case did not implicate Boyd's first amendment rights. Like the questionnaire in *Myers,* Boyd's memo "touched upon matters of public concern only in a most limited sense... [It] is most accurately characterized as an employee grievance concerning internal office policy." *Myers,* —— U.S. at ——, 103 S.Ct. at 1693–94. The memorandum merely recorded what he was told at the meeting and informed him of the need to follow the chain of command. The instruction was a valid restriction on the time, place and manner of Boyd's expression. The memorandum did not discuss the contents of his prior memos, and he was not prevented from writing future memos except for the requirement that he follow the chain of command. This procedure left "open adequate alternative channels of communication." *Schad v. Borough of Mount Ephriam,* 452 U.S. 61, 76, 101 S.Ct. 2176, 2186, 68 L.Ed.2d 671 (1981). The memorandum reflected a reasonable regula-

tion of the time, place and manner of expression, did not infringe upon the first amendment, and thus did not violate the Privacy Act.

AFFIRMED.