Peter G. **POTOTSKY**

v.

**DEPARTMENT OF THE NAVY; W.R. Gage, Commanding Officer MAG–24; C.E. Sooy, Administrative Officer MAG–24.**

Civ. A. No. 88–1508–Z.

United States District Court,
D. Massachusetts.

Aug. 10, 1989.

Peter G. Pototsky, Brighton, Mass., pro se.

Eileen M. Hagerty, Asst. U.S. Atty., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff Peter G. Pototsky, a former Marine Corps captain, filed this pro se action against the Department of the Navy ("the Navy") and two of its officers, Colonel W.R. Gage and Lieutenant Colonel C.E. Sooy,[1] seeking to amend the Navy's misconduct investigation of another Marine officer, Major Roy N. Sifers ("the Sifers investigation"). Plaintiff asserts that he may seek amendment of the report pursuant to the Privacy Act, 5 U.S.C. § 552a (1982 & Supp. V 1987).[2] The Navy counters that no such right to amend exists under the Privacy Act and that even if such a right did exist, the references to Pototsky in the Sifers investigation are opinions not subject to amendment under that Act.[3] Both parties have moved for summary judgment.

The essential facts are not in dispute. In November, 1986, plaintiff accused Major Sifers of various acts of misconduct. Pursuant to those accusations, Colonel Gage appointed Lieutenant Colonel Sooy to conduct an investigation. Upon completion of his investigation, Sooy prepared a report that contained statements, characterized as opinions by the Navy, regarding Pototsky.[4] The report was forwarded to Gage who stated that he shared the concerns expressed by Sooy regarding Pototsky. On March 24, 1988, plaintiff requested amendment of the report. The Commanding General of the Marine Corps Combat Development Command ("the MCCDC"), empowered under 32 C.F.R. § 701.102(c)(2)-(3) (1988) to consider such requests, denied it. On appeal, the Judge Advocate General's office affirmed the MCCDC's decision. Thereafter, plaintiff initiated this action.

■ The Privacy Act requires that any agency maintaining a "system of records" shall "maintain all records ... about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual." 5 U.S.C. § 552a(e)(5). An individual may "request amendment of a record pertaining to him," *id.* § 552a(d)(2); however, the Privacy Act only permits amendment when the record is part of a "system of records" in which the information "is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id.* § 552a(a)(5). Thus, whether a record is subject to amendment depends on "the method of retrieval of a record rather than its substantive content," *Baker v. Department of the Navy*, 814 F.2d 1381, 1384 (9th Cir.), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). The court in *Baker* also deferred to a Navy regulation implementing the Privacy Act provisions that allowed access to, and thereby amendment of, those records of individuals that *are* rather than " 'can be' " retrieved by an individual's name or other identifying symbol.[5] *Id.* at 1383–84 (quoting 32 C.F.R. §§ 701.1–701.118 (1986)); *see also Fagot v. FDIC*, 584 F.Supp. 1168,

---

1. On October 13, 1988, this Court granted a motion to dismiss all of the claims against Colonel Gage and Lieutenant Colonel Sooy.

2. Plaintiff also seeks costs, disbursements and damages.

3. Because defendant's motion for summary judgment is allowed on other grounds, it is unnecessary to determine whether statements by Gage and Sooy contained in the Sifers investigation qualify as opinions not subject to amendment under the Privacy Act.

4. Plaintiff is unclear about exactly which portions of the report he seeks to amend, but presumably it is some portion of the statements in the report that refer to him personally.

5. Pototsky obtained a redacted copy of the Sifers investigation under the Freedom of Information Act, 5 U.S.C. § 552 (1982 & Supp. V 1987).

1175 (D.P.R.1984) (" 'even if information pertaining to the requester appears in a system of records, it need not be disclosed unless the information is retrievable by means of the requester's own name or other personal identifier' " (quoting *Smiertka v. United States Department of Treasury*, 447 F.Supp. 221, 228–29 (D.D.C.1978))). Thus, the *Baker* court concluded that even though the Navy *could* design a system or program capable of retrieving any document containing a reference to a particular individual, this mere possibility was of no consequence if the Navy did not in fact use such a system. Plaintiff has suggested no viable reason for this Court not to adopt the reasoning set forth in *Baker* on this issue.

■ The Navy has submitted uncontroverted affidavits from its personnel stating that the Sifers investigation is not contained in any Navy records that are retrievable using plaintiff's name or any other personal identifier. Plaintiff asserts only that the Navy "misfiled" the investigation under Sifers' name after the plaintiff requested the investigation but offers nothing in the record to support this contention.[6] Additional affidavits of Navy personnel state that the Sifers investigation is filed pursuant to Navy regulations governing such documents.

Plaintiff also asserts that the document he submitted to the Navy and that he characterizes as an Article 138 Complaint of Wrongs, 10 U.S.C. § 938 (1982), against Lieutenant Colonel D.P. Pender, the commanding officer of his helicopter squadron, is improperly a part of the Sifers investigation.[7] The direct relationship of this document to the alleged wrongdoings of Sifers is clear and it is reasonable to include it in the Sifers investigation file. Furthermore, plaintiff offers nothing to indicate how Article 138 complaints are filed and whether they are retrievable by plaintiff's name or other personal identifier or that the Navy improperly filed this document.

■ Finally, plaintiff alleges that his submission to Lieutenant Colonel Pender contains a discussion of plaintiff's exercise of his First Amendment rights in violation of 5 U.S.C. § 552a(e)(7). Under that section of the Privacy Act, no agency maintaining a system of records shall keep records "describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity." Courts have held that under subsection (e)(7), records pertaining to First Amendment activity may be "amended or expunged even if the records are not maintained within the agency's system of records." *Clarkson v. IRS*, 678 F.2d 1368, 1377 (11th Cir.1982); *accord Boyd v. Secretary of the Navy*, 709 F.2d 684, 687 (11th Cir.1983), *cert. denied sub nom. Boyd v. Lehman*, 464 U.S. 1043, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984); *Albright v. United States*, 631 F.2d 915, 918–20 (D.C.Cir.1980). Thus, regardless of whether the document is retrievable by the plain-

---

**6.** Plaintiff apparently argues that because his actions initiated the investigation against Sifers, the investigation should be filed under plaintiff's name. He points to *Baker* where the investigation of an administrative grievance against Baker, a civilian supervisor employed by the Navy, was filed under the name of the complaining subordinate. *Baker*, 814 F.2d at 1381–82. However, plaintiff has offered nothing to this Court indicating that the Navy uses the same record filing system for the investigation of the type in *Baker*, involving a grievance by a civilian, as it does for those involving Naval officers.

**7.** The Navy asserts that the request for redress by plaintiff for wrongs committed by Lieutenant Colonel Pender is not the initiation of an

Article 138 complaint. According to statute, an Article 138 Complaint of Wrongs provides that any member of the armed forces who "believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer." 10 U.S.C. § 938 (1982). In the document contained in the Sifers investigation, plaintiff states that his submission is an application filed with his commanding officer, Pender, to obtain redress prior to the initiation of any subsequent action under Article 138. Thus, this document does not constitute the initiation of an Article 138 action by plaintiff but only a prerequisite thereto that would not necessarily result in an Article 138 investigation.

tiff's name or other personal identifier, it is subject to amendment or elimination if it pertains to protected First Amendment activity.

Plaintiff's section 552a(e)(7) claim has two prongs. First, he asserts that the so-called Article 138 complaint was an exercise of his First Amendment right to speak freely against a commanding officer and therefore the complaint falls within the prohibition of subsection (e)(7). Courts have held that " 'a petition by a federal employee to one above him in the executive hierarchy is covered by the First Amendment.' " *Albright v. United States,* 631 F.2d 915, 921 (D.C.Cir.1980) (quoting *Swaaley v. United States,* 376 F.2d 857, 863 (1967)). Without deciding whether Pototsky, as a military officer, falls within the *Albright* court's meaning of "federal employee," this Court concludes that the request for redress in the Sifers investigation does not violate the statute because it does not "describ[e] how" the plaintiff exercises his First Amendment rights, but merely indicates that such a right was exercised. If plaintiff's interpretation of subsection (e)(7) were accepted, then no government agency could maintain a record of any formal grievance or complaint filed by a subordinate against his or her superior, a result that defies common sense and could not have been the intent of Congress in enacting subsection (e)(7).[8]

Second, plaintiff complains that the document he voluntarily submitted to Lieutenant Colonel Pender contains a description of his religious practices. Apparently, plaintiff refers to a single sentence in his request for redress of wrongs committed by Pender that states, "I requested not to do these duties on Saturday, my Sabbath, and offered to come in on Sunday instead." This Court finds as a matter of law that this single oblique reference to plaintiff's observance of the Sabbath on Saturday

does not "describ[e]" plaintiff's exercise of his First Amendment rights.

Thus, for the reasons stated herein, plaintiff's request that the Navy delete or amend references to him in the Sifers investigation is denied and summary judgment for the defendant is granted.

---

8. In *Albright,* a videotape was made of Social Security employees complaining to their employer about work-related grievances. *Albright,* 631 F.2d at 921. The court stated that this was activity protected by the First Amendment and that the retention of the videotape created a cause of action for violation of subsection (e)(7). *Id.* at 921. The videotape differs significantly from Pototsky's request for redress. Unlike Pototsky's voluntarily submitted request for redress of wrongs, the videotape in *Albright* was created by the government for its own purposes. Furthermore, the videotape did not relate to and was never used in any formal proceedings established to resolve specific grievances against supervisory personnel.