**Robert U. CARPENTER, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. NA 94–128–C R/H.**

United States District Court, S.D. Indiana, New Albany Division.

June 3, 1996.

Robert U. Carpenter, Seymour, IN, for Robert U. Carpenter.

Shannon L. Hough, Trial Attorney, Tax Division, Washington, DC, for Internal Revenue Service.

### ORDER GRANTING SUMMARY JUDGMENT

BROOKS, District Judge.

This matter comes before the Court on **Defendant's Motion For Summary Judgment** and **Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment** filed February 27, 1995. Plaintiff's **Answer To Defendant's Motion For Summary Judgment** was filed March 30, 1995.

### Relevant Factual Background

On July 27, 1992, the Plaintiff in this cause, Robert U. Carpenter (hereinafter "Carpenter"), requested the following tax supporting documentation from the Defendant Internal Revenue Service (hereinafter "IRS"):

> ... all the supporting documents (i.e. Accounting Assessment Journals, Assessment lists, and document registers) which comply with the mandate of 26 CFR 301.6203–1 and IR Manual Chapter 5300, Section 5312 related to Form 23–C, "Assessment Certificate," dated: 10–15–90, 6–3–91, 12–23–91, 9–2–91, 2–25–91, and 10–2–89 which pertain to Mr. Carpenter.

.    .    .    .    .

(Complaint, paragraph 6, hereinafter "Compl., ¶ __"; Declaration of George Miller, paragraphs 3–4, hereinafter "Miller Decl., ¶ __".) After failing to receive a response, Carpenter then mailed follow-up letters on September 25, 1992, and November 16, 1992. (Compl., ¶¶ 8–9.) The parties then exchanged a series of letters debating whether the material had been previously provided.

(Compl., ¶¶ 10–13). Carpenter never received the requested documentation and therefore files this action seeking declaratory and injunctive relief. (Compl., ¶¶ 14–15.) Carpenter requests this Court to declare the IRS' failure to provide such documentation unlawful and further moves this Court to compel production of the requested material. The IRS moves for summary judgment claiming the requested materials are not subject to disclosure.

### Discussion

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, federal question jurisdiction, as Carpenter alleges a claim under 5 U.S.C. § 552a.

■ This Court grants summary judgment where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Independent Construction Equipment Builders Union v. Hyster–Yale Materials Handling, Inc.*, 83 F.3d 930, 932 (7th Cir. 1996). In this case Carpenter filed timely opposition to summary judgment but stated not factual but only legal issues. This matter is therefore ripe for summary judgment.

■ Carpenter requested records and files under the Privacy Act, 5 U.S.C. 552a. Subsection (d)(1) thereunder specifically provides:

> (d) Access to records. Each agency that maintains a system of records shall—
>> (1) Upon request by any individual to gain access to his *record or to any information pertaining to him which is contained in the system....*

5 U.S.C. § 552a(d)(1) (emphasis added). The term "system of records" is defined within the context of the Privacy Act as:

> a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.

5 U.S.C. § 552a(a)(5). That is to say, the Privacy Act does not apply where documents or information at issues are not contained in

the agency's "system of records." *Manuel v. Veterans Admin. Hosp.*, 857 F.2d 1112, 1116–17 (6th Cir.1988), *cert. den'd*, 489 U.S. 1055, 109 S.Ct. 1317, 103 L.Ed.2d 586 (1989). The Congressional thinking being that burdensome hand-searches favor neither the public nor the individual. *See generally Manuel v. Veterans Admin. Hosp.*, 857 F.2d 1112, 1116–17 (6th Cir.1988), *cert. den'd*, 489 U.S. 1055, 109 S.Ct. 1317, 103 L.Ed.2d 586 (1989); *Baker v. Dept. of Navy*, 814 F.2d 1381, 1385 (9th Cir.), *cert. den'd*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987); *Cuccaro v. Secretary of Labor*, 770 F.2d 355, 360–61 (3d Cir.1985); *Boyd v. Secretary of the Navy*, 709 F.2d 684, 686 (11th Cir.1983), *cert. den'd*, 464 U.S. 1043, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). That is the case here—the requested information is not maintained within a system of records.

In support of its motion for summary judgment the IRS provides the sworn declaration of Disclosure Specialist George Miller. Mr. Miller notes that

> Forms 23C do not contain the names, or taxpayer identification numbers of taxpayers, but simply reflect an aggregate total of taxes (by type), penalties, and interest assessed on a given date in the service center. Since Forms 23C are not "records" maintained in "system of records", the access provision of the Privacy Act, at 5 U.S.C. § 552a(d)(1), do not reach these records.

(Miller Decl., ¶ 7.) Carpenter does not expressly dispute the factual issues contained therein but maintains that legally the documents in question are in existence and identifiable to the plaintiff thereby subject to § 552a(d)(1).

In support of his proposition Carpenter directs the Court to particular sections of the Internal Revenue Manual and federal regulations affecting the collection of taxes. One section provides, in part, that "[t]he summary record, through supporting records, shall provide identification of the taxpayer. . . ." 26 C.F.R. § 301.6203–1. Carpenter therefore maintains the documentation exists and is readily retrievable. Carpenter misapprehends the regulation and cannot refute the plain statement of the IRS Disclosure

Specialist: Forms 23C are not readily accessible. (Miller Decl., ¶ 7.) Accordingly, Carpenter's request is not covered under § 552a(d)(1).

The Court, in light of the foregoing as well as the relevant and applicable case and statutory law, hereby **GRANTS Defendant's Motion For Summary Judgment.**

This is a final judgment.