**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS C. DANIELS, | No. 14-55604 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00010-SVW-RZ |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 4, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Thomas Daniels, an employee of the Social Security Administration

("SSA"), appeals the district court's order granting the SSA's motion for summary

judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.    Under 5 U.S.C. § 552a(t), the SSA may not use exemptions under the Freedom of Information Act ("FOIA") to exclude documents otherwise accessible under the Privacy Act.  A document is accessible under the Privacy Act if it is contained "within a 'system of records' maintained by a federal agency." *Baker v. Dep't of Navy*, 814 F.2d 1381, 1383 (9th Cir. 1987) (quoting 5 U.S.C. § 552a(d)(1)).  A "system of records" is "a group of any records under the control of any agency from which information is retrieved by the name of the individual" or some other identifying information assigned to the individual.  5 U.S.C. § 552a(a)(5).

The SSA submitted "reasonably detailed, nonconclusory affidavits" showing that it had provided Daniels with all responsive documents under the Privacy Act. *See Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (internal quotation marks omitted).  The SSA also reviewed documents to which Daniels was entitled under FOIA (to which he was not otherwise entitled under the Privacy Act).  The SSA provided Daniels with a portion of these FOIA documents and withheld the rest based on specified FOIA exemptions.  Daniels contends that, in accordance with § 552a(t), the SSA could not withhold these documents without also providing the applicable Privacy Act exemption for each document.  However, the withheld documents were "not contained in a system of records," and thus were not

"otherwise accessible" under § 552a(t). Daniels does not dispute that the withheld documents were not contained in a system of records and were therefore not accessible under the Privacy Act.

2. The district court was not required to conduct an *in camera* review of the withheld documents. A district court may examine the contents of withheld records "if affidavits and oral testimony cannot provide a sufficient basis for a decision." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1092 (9th Cir. 1997). Here, the SSA provided the district court with an index describing each withheld document. Daniels argues that the district court should have conducted *in camera* review of such documents for the limited purpose of determining what Privacy Act exemptions applied. However, as explained above, Privacy Act exemptions are not applicable to the documents listed in the SSA's index, because such documents were not contained in a "system of records" and therefore were not accessible under the Privacy Act in the first place. Again, Daniels does not dispute that the withheld documents were not contained in a system of records. Thus, *in camera* review would serve no purpose.

**AFFIRMED.**