Keely Ann HASS, Plaintiff,

v.

**UNITED STATES AIR FORCE,**
Defendant.

No. 93–2099–JWL.

United States District Court,
D. Kansas.

March 11, 1994.

Keely Ann Hass, pro se.

Christina L. Morris, Office of U.S. Atty., Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

#### I. Introduction

This matter is currently before the court on defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. # 20) against *pro se* plaintiff Keely Ann Hass. Defendant seeks dismissal of plaintiff's various claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1988), and the Privacy Act, 5 U.S.C. § 552a (1988).[1] Because the court has considered matters outside the pleadings in reaching its decision, it will treat this motion as one for summary judgment. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). For the reasons set forth below, defendant's motion for summary judgment is granted. As a result, plaintiff's complaint is dismissed.

#### II. Facts

On February 27, 1991, plaintiff, while on active duty with the United States Air Force, sought permission to begin off-duty employment with a private investigations firm. This request was initially granted by her superior officer. In March of 1991, Air Force officials

---

1. Plaintiff's complaint may also be read as alleging possible causes of action under the Federal Tort Claims Act and the Military Claims Act. These claims will be discussed as well.

were informed of the possibility that plaintiff was using her Air Force security clearance access to obtain information for the private investigations firm. Air Force officials were also informed that plaintiff had allegedly misrepresented herself to local law enforcement authorities as a Special Investigations Agent. Plaintiff apparently disputes the accuracy of defendant's information. In response to the reports of her alleged misconduct, plaintiff's commanding officer ordered her to quit her off-duty job, based on a perceived conflict of interest.

In April of 1991, plaintiff's commander requested that plaintiff undergo a mental health evaluation in connection with the information received by plaintiff's superiors concerning her off-duty activities. Plaintiff also received a Letter of Reprimand and was placed on the Air Force's Control Roster pursuant to an Unfavorable Information File Action. The Air Force contends that these actions were taken in response to plaintiff's alleged off-duty misconduct. Plaintiff again claims that these actions were taken based upon incorrect information.

On May 6, 1991, plaintiff underwent a mental health evaluation. Plaintiff claims that she submitted a request to the officer who performed the evaluation, seeking to correct perceived mistakes in the evaluation report, but neither plaintiff nor defendant has produced a copy of such request.

On June 17, 1991, plaintiff made a request pursuant to the Freedom of Information Act, seeking access to information in connection with her legal claim to recover the $150 fee she had paid to obtain a private investigator's license. The parties agree that the Air Force complied with this FOIA request in part, but declined to disclose two documents, which have been submitted to the court for *in camera* review. Plaintiff properly appealed the nondisclosure of these documents through administrative channels.

On June 26, 1991, plaintiff requested access to her records under the Privacy Act, and was informed by her commander that the FOIA provided the proper procedures through which to make such a request. Thereafter, plaintiff requested access to her Personnel Information File, which request

was granted on July 9, 1991. On July 12, she made another FOIA request, seeking documents she believed were missing from her personnel file and for documents concerning the Unfavorable Information File Action and Letter of Reprimand. The defendant neither found nor produced any documents in response, and informed plaintiff of her right to appeal administratively.

On July 29, 1991, plaintiff's security clearance was revoked, again in response to plaintiff's alleged off-duty misconduct. Sometime after July 1991, plaintiff was discharged from the Air Force, ostensibly for the same reasons.

On May 29, 1992, plaintiff filed a request, presumably pursuant to the FOIA, that her records be maintained in anticipation of litigation. This request was complied with. Plaintiff now brings this *pro se* complaint which, construed broadly, alleges several possible causes of action under the FOIA, Privacy Act, Federal Tort Claims Act, and Military Claims Act.

### III. Standard for Summary Judgment

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Langley v. Adams County, Colorado,* 987 F.2d 1473, 1476 (10th Cir. 1993). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this

burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.,* 740 F.Supp. 1519, 1522–23 (D.Kan. 1990). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

 The court recognizes that a *pro se* complaint must be construed broadly and liberally, and its pleadings be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1974). Furthermore, courts must take added precautions before ruling on a motion for summary judgment when a *pro se* litigant is involved: "The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing these requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir.1985) (quoting *Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984)). Even a *pro se* litigant, however, "does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to [her] case in order to avert summary judgment." *Brown v. Crawford,* 906 F.2d 667, 670 (11th Cir. 1990), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). Furthermore, "*pro se* litigants are subject to the same rules of procedure that govern other litigants." *DiCesare v. Stuart,* 12 F.3d 973, 979 (10th Cir.1993). Keeping these standards in mind, the court now turns to the merits of defendant's motion.

## IV. Analysis

### A. Plaintiff's Freedom of Information Act Claims

 Plaintiff's complaint may be broadly construed to state a claim for improper denial of FOIA requests. *See* 5 U.S.C. § 552(a)(4)(B) (1988). The FOIA provides a statutory procedure for administrative appeal for a claimant who believes that an agency has wrongly denied a FOIA request. *See* § 552(a)(6)(A)(ii).[2] Courts have confirmed that the FOIA requires that a plaintiff exhaust this appeal process before bringing an action in court. *Oglesby v. United States Dept. of Army,* 920 F.2d 57, 61 (D.C.Cir. 1990); *Brumley v. United States Dept. of Labor,* 767 F.2d 444, 445 (8th Cir.1985). In this case, plaintiff may or may not have made proper FOIA requests to the Air Force on June 26, 1991, July 12, 1991, and May 29, 1992. This court need not concern itself with specifics of these requests because it is uncontroverted for the purposes of this motion that plaintiff did not appeal these requests (other than the June 17th request) to a higher authority within the Air Force.[3] Therefore, to the extent that plaintiff's pleadings state an FOIA claim for improper denial of access in connection with these requests, this court grants defendant's motion for summary judgment due to plaintiff's failure to exhaust her administrative remedies. These claims are hereby dismissed without prejudice. If plaintiff completes the administrative appeals process in connection with these requests, this court will consider any validly stated claim under the FOIA.

The June 17th FOIA request presents an entirely different issue. The parties agree that plaintiff has exhausted her administrative appeals regarding this request, and that defendant has complied with the request except for two documents that defendant claims are entitled to exemption from FOIA disclo-

**2.** This subsection provides that an agency is required to:

(ii) make a determination with respect to any appeal within twenty days ... after receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. s 552(a)(6)(A)(ii).

**3.** In fact, it is uncontroverted that defendant complied with the June 26th FOIA request. Therefore, plaintiff cannot state a claim for denial of access in connection with this request.

sure requirements. Defendant has submitted these documents for *in camera* review. Having carefully reviewed these documents, this court finds that the Air Force properly withheld these documents. Thus, summary judgment is appropriate on this issue.

In refusing to disclose the documents at issue, defendant relies upon exemption five of the FOIA disclosure requirements, which exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption five incorporates several discovery privileges, including the "deliberative process" privilege, which protects advice, recommendations, opinions and other material that is part of the deliberative decisionmaking processes of a government agency. *See Covington & Burling v. Food and Nutrition Service,* 744 F.Supp. 314, 318 (D.D.C.1990).

■■■ To fit within this privilege, the documents must first be predecisional; that is, they must have been prepared before the agency's decision to which they relate. *See id.* Clearly, the documents at issue, dated May 29, 1991 and June 10, 1991, satisfy this requirement in that each was prepared before plaintiff's security clearance was revoked. Next, the documents must be sufficiently deliberative; that is, they must contain recommendations or express opinions on legal or policy matters. *Nadler v. Department of Justice,* 955 F.2d 1479, 1491 (11th Cir.1992). Purely factual matters are not exempt, unless they are sufficiently intertwined with deliberative matters. *See Covington & Burling,* 744 F.Supp. at 319. This court finds that the documents at issue meet this requirement. Although each memorandum contains facts regarding plaintiff's situation, these facts are interspersed with opinions and recommendations such that the factual portions cannot be separated from the deliberative elements. Thus, defendant has met its burden in showing that these documents are entitled to the protection of exemption five of the FOIA. The court will grant defendant's summary judgment motion regarding this claim.

## B. Plaintiff's Privacy Act Claims

### 1. Refusal of Access/Refusal to Amend

■■■ Plaintiff's complaint, construed broadly, may contemplate claims under the Privacy Act for refusal of access and refusal to amend or correct records in the hands of an agency. *See* 5 U.S.C. §§ 552a(g)(1)(A) & (B). These causes of action require, as a prerequisite to bringing suit, that a plaintiff seek review from the agency for a denial of access or refusal to amend records. 5 U.S.C. §§ 552a(d)(1), (3). *See also Haase v. Sessions,* 893 F.2d 370, 373 (D.C.Cir.1990). Only after exhaustion of these administrative remedies may a court grant equitable relief. *See* 5 U.S.C. §§ 552a(g)(2)(A) & (g)(3)(A).

Plaintiff again provides no documentation that any such appeals were ever made, nor does she rebut defendant's evidence that such appeals were, in fact, not made. Air Force appeal procedures are clearly set forth in its Privacy Act guidelines. *See Air Force Privacy Act Program,* AF 12–35, at sec. D, para. 18(h) (June 3, 1985). Thus, to the extent that plaintiff's complaint states a claim under the Privacy Act for refusal of access or refusal to amend, this court grants summary judgment to defendant for plaintiff's failure to exhaust administrative remedies. Once again, this court will dismiss any such claims without prejudice, giving plaintiff leave to seek review from the Air Force.

### 2. Maintaining Records of Exercising First Amendment Rights

■■■ The Privacy Act prohibits an agency from maintaining records "describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained." 5 U.S.C. § 552a(e)(7). Plaintiff appears to allege that defendant somehow violated this provision by maintaining records of her FOIA and Privacy Act requests. This argument, however, runs afoul of the "unless expressly authorized by statute" caveat in subsection (e)(7). The Air Force, like other agencies, is required to maintain all FOIA requests on file. As the District Court of Massachusetts stated:

If plaintiff's interpretation of subsection (e)(7) were accepted, then no government agency could maintain a record of any formal grievance or complaint filed by a subordinate against his or her superior, a result that defies common sense and could not have been the intent of Congress in enacting subsection (e)(7).

*Pototsky v. Department of the Navy*, 717 F.Supp. 20, 23 (D.Mass.1989). This court agrees with the rationale expressed in *Pototsky*. Here, plaintiff does not contend that the Air Force did anything other than retain her FOIA and Privacy Act requests on file. Such actions cannot logically violate the Privacy Act. Thus, this court grants defendant's motion for summary judgment on this claim.

*3. Failure to Maintain*

■ Plaintiff's complaint also appears to contemplate a Privacy Act cause of action for failure to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. §§ 552a(e)(5) & (g)(1)(C). For this cause of action, defendant concedes, exhaustion of administrative remedies is not required. *See Hubbard v. EPA*, 809 F.2d 1, 4 (D.C.Cir.1986). To maintain this cause of action, plaintiff must plead three elements: 1) the agency's failure to maintain accurate records; 2) an adverse agency decision resulting from the inaccurate records (the causation element); and 3) the willful or intentional quality of the agency's action. *See White v. Office of Personnel Mgmt.*, 840 F.2d 85, 87 (D.C.Cir.1988).

■ Considering the less stringent standard to which this court holds *pro se* pleadings, this court cannot say that there is no set of facts under which plaintiff could maintain such a cause of action. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, on a mo-

tion for summary judgment, the standard is not whether there is a *possible* set of facts to support a claim for failure to maintain, but rather whether plaintiff has actually come forward with any facts to show that there exists a genuine issue of material fact. Even *pro se* litigants are held to this standard. *See Brown v. Crawford*, 906 F.2d 667 (11th Cir.1990).[4] Viewing the facts in a light most favorable to plaintiff, the court finds that summary judgment is appropriate on this claim.

Plaintiff's claim for failure to maintain under the Privacy Act fails on the causation element of sections 552a(e)(5) and (g)(1)(C). This element requires the plaintiff to show that a mistake in the Air Force's records caused or led to the agency's adverse determination. *See Hubbard*, 809 F.2d at 4–5. Stated differently, plaintiff must set forth facts showing that defendant relied upon inaccuracies in its records in making its determination. *See id.* at 6.

This court finds that plaintiff has not set forth any evidence to show a genuine issue of fact concerning the causation element. Clearly, defendant made several adverse decisions concerning plaintiff's employment in the Air Force. These decisions were based upon information the Air Force had received concerning plaintiff's alleged off-duty misconduct. This information was recorded by the Air Force in several documents, which are at the heart of this dispute. This court cannot say that the information the Air Force received was accurate—indeed, it is entirely possible that the Air Force relied upon incorrect information in making its determination about plaintiff. However, the court finds no evidence to suggest that this information was recorded inaccurately. The Privacy Act contemplates claims in which information is recorded inaccurately and that inaccuracy leads to an adverse determination. *See Hubbard*, 809 F.2d at 5; *Tuesburg v. United States Dept. of Housing and Urban Dev.*, 652 F.Supp. 1044, 1048 (E.D.Mo.1987). The Pri-

---

**4.** This court finds that all technical and procedural requirements of plaintiff's response brief have been satisfied, and thus is prepared to rule on the merits of this claim. This court also notes that the government made plaintiff aware of the elements of this cause of action in its brief in support of its summary judgment motion. Therefore, this decision is not predicated on any lack of notice on plaintiff's part.

vacy Act was not meant to be a vehicle for litigating the truthfulness of the underlying information contained in an accurately recorded document.[5] *See Hubbard,* 809 F.2d at 5 (finding that plaintiff's complaint alleged wrongful personnel decision rather than Privacy Act claim). Under these circumstances, "the court must carefully examine the evidence to ensure that the plaintiff really presents a Privacy Act claim and not an effort to litigate federal personnel decisions." *Tuesburg,* 652 F.Supp. 1044, 1048 (E.D.Mo.1987). Because plaintiff has failed to raise a genuine issue of fact showing that inaccurate recordkeeping by the Air Force led to its decision to revoke her security clearance and to discharge her, this court grants defendant's motion for summary judgment on this claim.

### 4. Improper Disclosure

■■■ Plaintiff's complaint can be read as alleging a claim of improper disclosure of records under the Privacy Act. *See* 5 U.S.C. §§ 552a(b) & (g)(1)(D). To sustain an action for damages, plaintiff must prove four elements: 1) the information disclosed is a record within a system of records; 2) the agency disclosed the information; 3) the disclosure adversely affected plaintiff; and 4) the disclosure was willful or intentional. *See Quinn v. Stone,* 978 F.2d 126, 131 (3d Cir. 1992). This court assumes that the record to which plaintiff is referring is her mental health evaluation report, which apparently was forwarded to her commanding officer marked •"Sensitive Medical Information for Commanders' Eyes Only." Having reviewed the evidence in a light most favorable to the plaintiff, the court finds that summary judgment is appropriate on this claim.

Defendant argues that its actions in disclosing plaintiff's medical evaluation fall under an exemption to the Privacy Act that allows disclosure of a record "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1). It is uncontroverted that these records were disclosed only to officers and employees of the Air Force. The only remaining issue, therefore, is whether the officers to whom the record was disclosed had a need for this report "in the performance of their duties." *Id.* Plaintiff's claim of improper disclosure fails on this issue.

It is easiest to review the alleged disclosures of this document in two groups. First, the report of plaintiff's mental health evaluation may have been disclosed to certain Air Force officers who ultimately made the decisions to revoke plaintiff's security clearance and to discharge her. These officers obviously had a need to review this document so that they could make an informed decision regarding plaintiff's future with the Air Force. Because these officers had a need for the document "in the performance of their duties," the subsection (b)(1) exemption applies to any disclosure made to these officers.

The second group of disclosures encompasses any other officers who may have seen this document. As to these disclosures, plaintiff's claim fails on the causation element, which requires plaintiff to show that the disclosure caused an adverse decision to be made. The officers in this second group had no input on whether the Air Force should revoke plaintiff's security clearance or discharge her. Thus, these disclosures could not have caused the adverse decision. This court finds that, under these circumstances, summary judgment is appropriate on plaintiff's claim for improper disclosure under the Privacy Act.

### C. Plaintiff's Federal Tort Claims Act Claims

■ Plaintiff's complaint alleges damages from various vague tort claims, which the

---

**5.** This point is better explained through two hypotheticals. In the first, the agency receives Information X, but inaccurately records it as Information Y. On the basis of Information Y, the agency decides to fire plaintiff. In that case, plaintiff would have a valid cause of action under the Privacy Act for failure to maintain accurate records. In the second hypothetical, the agency receives Information X (which may or may not be true) and accurately records it as Information X. On the basis of Information X, the agency fires plaintiff. In that case, plaintiff may have a cause of action for wrongful discharge, but plaintiff's Privacy Act claim must fail because plaintiff cannot show that an inaccurate record led to her firing. The present case is analogous to the latter hypothetical.

court will assume, for the sake of argument, fall under the Federal Tort Claims Act. *See* 28 U.S.C. § 2671 *et seq.* Without addressing the merits of these claims, this court finds that plaintiff has again failed to exhaust her administrative remedies as outlined in 28 U.S.C. § 2675(a). It is uncontroverted that plaintiff has failed to properly file an administratiye tort claim with the Air Force; therefore, this court will dismiss any such claims without prejudice pending a final administrative decision.

### D. *Plaintiff's Military Claims Act Claim*

 For the first time in her "Supplementary Response," plaintiff intimates that she is bringing a claim before this court pursuant to the Military Claims Act, 10 U.S.C. § 2733, to recover the $150 fee she paid to receive her private investigator's license. It is clear from the evidence plaintiff provides that she has exhausted her administrative remedies concerning this claim. This court, however, is bound by the language of 10 U.S.C. § 2735, which states that "the settlement of a claim under section 2733 ... of this title is final and conclusive." The Tenth Circuit has held that this language precludes judicial review of section 2733 decisions: "10 U.S.C. § 2735, in the absence of a cognizable constitutional claim, expressly precludes review of [an agency's] decision to deny the claim by the district or appellate court." *Labash v. United States Dept. of Army,* 668 F.2d 1153, 1155 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982). *See also Towry v. United States,* 459 F.Supp. 101, 107 (E.D.La.1978), *aff'd,* 620 F.2d 568 (5th Cir.1980), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981) (judicial review of findings of fact under Military Claims Act precluded by section 2735). Therefore, this court is unable to review the Air Force's findings concerning plaintiff's Military Claims Act claim.[6]

---

**6.** This court notes that a plaintiff is free to pursue remedies under the Federal Tort Claims Act and the Military Claims Act simultaneously. *See Arkwright Mutual Ins. Co. v. Bargain City, U.S.A., Inc.,* 251 F.Supp. 221, 227–28 (E.D.Pa.1966), *aff'd,* 373 F.2d 701, *cert. denied,* 389 U.S. 825, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967). Proceeding first

IT IS, THEREFORE, BY THE COURT ORDERED THAT defendant's motion for summary judgment (Doc. # 20) is granted. Plaintiff's claims for improper denial of access under the FOIA, refusal of access and refusal to amend under the Privacy Act, and any claims under the Federal Tort Claims Act are hereby dismissed without prejudice. All other claims are dismissed with prejudice.

**IT IS SO ORDERED.**

under one Act does not negate plaintiff's right of action under the other. *Id.* Thus, it is possible that plaintiff may bring a claim under the FTCA to recover the $150 fee. If so, plaintiff must exhaust her administrative remedies under that Act before bringing an action in court. *See* 28 U.S.C. § 2675(a).