**George Gregory JACKSON, Plaintiff,**

v.

**YELLOW LOGISTICS, INC., Defendant.**

**George Gregory JACKSON, Plaintiff,**

v.

**YELLOW LOGISTICS, INC., Defendant.**

**Civil Action Nos. 97–2274–KHV, 97–2457–KHV.**

United States District Court, D. Kansas.

Oct. 21, 1998.

George Gregory Jackson, Salt Lake City, UT, pro se.

Jennifer L. Gottschalk, Kimberly A. Jones, Blackwell Sanders Peper Martin LLP, Kansas City, MO, James R. Holland, II, Leonard Singer, Bioff, Singer & Finucane, Kansas City, MO, Tedrick Addison Housh, III, Robert W. McKinley, Swanson, Midgley, Gangwere, Kitchin & McLarney, LLC, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's *Motion For Summary Judgment* (Doc. # 82) filed August 28, 1998. Plaintiff alleges that defendant violated his civil rights. Defendant argues that plaintiff's evidence is insufficient to raise a genuine issue of material fact.

### Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. 2505. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir.1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### Facts

In responding to defendant's motion for summary judgment, plaintiff fails to comply with the local rule which governs the summary judgment process. D. Kan. Rule 56.1 states:

A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically contro-

verted by the statement of the opposing party.

■ Plaintiff fails to controvert defendant's statement of facts in any respect whatsoever. His approach is insufficient to raise a genuine issue of material fact under D. Kan. Rule 56.1. *Wisner v. Unisys Corp.,* 917 F.Supp. 1501, 1504 (D.Kan.1996) (response which set forth 17 independent statements of fact and made blanket denial of movant's statements of fact "insofar as they are inconsistent" with plaintiff's factual statements, did not conform to letter or spirit of Rule 56.1). Instead of controverting defendant's facts or adding his own factual allegations, plaintiff simply challenges defendant's arguments.

The Court is all too aware that plaintiff proceeds pro se and it recognizes that pro se litigants should not succumb to summary judgment merely because they fail to comply with the technical requirements involved in defending such a motion. *See Woods v. Roberts,* 47 F.3d 1178 (10th Cir.1995) (Table; available on Westlaw at 1995 WL 65457) (10th Cir.1995); *Hass v. United States Air Force,* 848 F.Supp. 926, 929 (D.Kan.1994). The Court has therefore diligently searched plaintiff's brief and attachments, to determine whether genuine issues of material fact exist. Plaintiff must, however, comply with the rules of procedure which apply to other litigants. *DiCesare v. Stuart,* 12 F.3d 973, 979 (10th Cir.1993). Because plaintiff fails to comply with D. Kan. Rule 56.1, the Court must deem all of defendant's facts to be admitted for purposes of its motion. The undisputed facts are these:

Plaintiff alleges that defendant has been part of a vast conspiracy to control his life. National security forces of the federal government allegedly use a communications network operated by the major private communications service providers to organize this conspiracy. The alleged conspiracy controls the lives of all Americans, monitoring everywhere they go and everyone with whom they talk. The alleged conspiracy has controlled when plaintiff has obtained each job in his life, when he has left each job, where he sat in the office of each employer and all other events in his life.

Andersen Consulting contracted with Yellow Technology Services, Inc. ("YTS") to design a software system to re-engineer the freight flow of Yellow Freight System, Inc. On or about January 15, 1995, Analysts International Corporation ("AIC") contracted with Andersen Consulting to provide consultation and technical support services. AIC agreed to furnish contractors to Andersen Consulting and to bill Andersen Consulting on a periodic basis for those support services.

On January 20, 1995, plaintiff began working as a computer programmer or consultant system engineer for AIC, on a project run by Andersen Consulting, at the offices of YTS. Plaintiff worked for AIC at YTS from February 6, 1995 through June 6, 1995. Plaintiff did not work in the main building which housed employees of Yellow Freight Systems, Yellow Corporation, and Yellow Logistics, Inc.. Yellow Logistics, the defendant in this case, never employed plaintiff in any capacity. Plaintiff never received a payroll check or any employment benefits from defendant, and no one from defendant ever supervised plaintiff. Plaintiff has no evidence that he ever had personal contact with anyone who worked for defendant. Plaintiff has little or no personal knowledge about the work done by defendant. The only evidence plaintiff has, regarding defendant, is that it hired persons whose names were found in a company telephone directory dated April of 1995. Plaintiff believes that the names of defendant's employees relate to persons and events in plaintiff's past. Plaintiff does not believe that defendant did anything to control his life, but suspects that defendant might have been used by the government as part of a master plan to control his life and the lives of other people.

### Analysis

Plaintiff alleges in conclusory terms, without citing particular statutes, doctrines or legal theories, that defendant violated his civil rights. The record suggests two available theories, neither of which is ultimately successful. First, plaintiff might allege that defendant acted in connection with government officials and seek redress under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971), or 42 U.S.C. § 1983. Under *Bivens*, plaintiff can bring suit against federal officials who violate civil rights while acting under color of federal law,[1] 403 U.S. at 396, 91 S.Ct. 1999. Section 1983 provides plaintiff a cause of action against persons acting under color of state law in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

■ Second, if defendant did not act in conjunction with any government officials, plaintiff can proceed on the theory that defendant as a private party officials violated his civil rights. *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 832, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). The right to interstate travel and the rights contained in the Thirteenth Amendment are the only civil rights which plaintiff can enforce against a purely private defendant. *Bray*, 506 U.S. at 315, 113 S.Ct. 753 (J. Stevens, dissent). The only statutes which allow such a private cause of action in this case are 42 U.S.C. § 1985(3) and § 1986.

Viewing plaintiff's complaint liberally, the Court finds that plaintiff can only bring his claims under Sections 1983, 1985(3), or 1986, or as a *Bivens* suit. The Court must now determine whether plaintiff's claims raise genuine issues of material fact under any of these theories.

## A. Section 1983 and *Bivens* Claims

Defendant argues that plaintiff fails to allege that defendant acted under color of state law. Plaintiff responds to this argument by stating that "[t]his case was filed in Federal Court regarding violations of civil rights and constitutional rights on a national level which encompasses all states and by no means limits any element of the claim under Kansas law which governs only one state." Plaintiff's *Opposition To Defendant's Yellow Logistics Motion For Summary Judgment* (Doc. # 92) ("*Opposition*") filed October 14, 1998, at 5. Plaintiff's sole argument fails to address the requirements of either a § 1983 claim or a *Bivens* suit. Section § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Section § 1983 therefore only provides a cause of action if plaintiff shows that defendant acted under color of state law. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996). In addition, plaintiff can only bring a cause of action under *Bivens* by showing that defendant acted under color of federal law. *Beattie v. Boeing Co.*, 43 F.3d 559, 563 & n. 11 (10th Cir.1994).

■ It is possible for a private defendant to act under color of law by acting in connection with government officials. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996); *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir.1987). While plaintiff's response does not allege that defendant acted under color of state or federal law, his complaint claims that defendant is part of a "bound network" which includes the government and controls his life. Plaintiff fails, however, to provide sufficient probative evidence that defendant acted in connection with either state or federal officials.

Plaintiff bears the burden of showing a genuine issue of material fact regarding whether defendant acted under color of state or federal law. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir.1993). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). Plaintiff suggests that "it would be a good idea to read all of exhibit A [his deposition]." Plaintiff's *Opposition* at 3. While plaintiff's deposition makes for fascinating

---

**1.** The Court assumes without deciding that plaintiff can bring a *Bivens* claim against a private defendant, so long as he shows that the private defendant acted under color of federal law. *See Beattie v. Boeing Co.*, 43 F.3d 559, 563 & n. 11 (10th Cir.1994).

reading, plaintiff fails to cite specific portions which show defendant's connection with government officials. While the Court must apply the rules liberally, it is not required to search his deposition in order to speculate about what evidence supports plaintiff's claims. *Stewart v. Whitmire Distribution Corp.,* 53 F.3d 343 (10th Cir.1995) (Table, available on Westlaw at 94–1096). Summary judgment requires that the plaintiff prove to the Court that he has enough evidence to go to trial. *See* Fed.R.Civ.P. 56(e). Plaintiff cannot merely assert (as plaintiff does) that he has "enough evidence to keep the jury entertained for weeks;" plaintiff must provide the Court with specific evidence to support his claims. Plaintiff's *Opposition* at 10. Because plaintiff fails to provide the Court specific evidence, plaintiff fails to meet his burden of proving a connection between defendant and government officials.

. ■ Even reviewing all of plaintiff's evidence, the Court finds no concrete evidence of a connection between defendant and government officials. To summarize, plaintiff's evidence involves a bound network that connects names, words, and events. Whoever is in control (plaintiff is not sure who is in control) connects names and events from plaintiff's past with names and events in plaintiff's current and future lives. In this way, whoever is in control uses the bound network to control plaintiff's life.[2] Defendant is allegedly involved in the network because it hired people with certain names and placed them on a list of telephone numbers that plaintiff's employer provided him. These names allegedly connect with names and events in plaintiff's past and prove that defendant is part of the bound network.[3] While plaintiff believes this evidence supports his allegations, the Court finds that it is not sufficient to convince a reasonable jury that defendant acted in conjunction with government officials to control plaintiff's life. This finding is supported by the fact that even at this stage of the proceedings, neither the Court nor defendant are able to fully comprehend how word associations (no matter how ominous) control plaintiff's life. The connection between plaintiff's evidence and his claims is beyond the comprehension of average persons. Plaintiff's evidence appears to consist solely of coincidences that lack inherent or apparent meaning. To find a conspiracy, a jury must adopt plaintiff's interpretation of the meaning of this evidence. The Court finds that no reasonable jury would adopt plaintiff's interpretation. Plaintiff has no other evidence of a connection between defendant and government officials. Plaintiff therefore lacks evidence which raises a genuine issue of material fact regarding whether defendant acted under color of state or federal law.

■ Even ignoring this deficiency, plaintiff cannot show a civil rights violation. Plaintiff alleges that the bound network violates his civil rights, especially his right to privacy, by controlling his life. Plaintiff's evidence consists of the same word associations that show the existence of a "bound network." This evidence does not show control over plaintiff's life, it merely shows that words and events of the past can be connected to words and events in the present and future. Instead of viewing these connections as coincidences, plaintiff believes that someone must control these connections. While plaintiff believes that the number of connections refutes any possibility of mere coincidence, plaintiff has no evidence that anyone in fact controls these connections. Plaintiff is merely speculating about the cause of these connections.

Plaintiff's only other evidence is a magazine article that discusses the effect that technology will have on society in the future. This article notes that technology will make humans more connected with each other, increasing "name and face recognition" and resulting in less privacy. This evidence does

---

2. For example, the Court earlier dismissed all other defendants on the basis of res judicata. Plaintiff was not surprised by this turn of events, because at the time of the Court's ruling, he was living with a woman named Judy on Catalina Street. As plaintiff explained to the Court, the bound network connected the Court's finding of res judicata with Judy and Cata (res "judy cata").

3. The evidence which connects defendant to the bound network involves 32 consecutive pages of deposition testimony, showing how names of defendant's employees connect with words and names which are associated with various events in plaintiff's life.

not help plaintiff. The article discusses technology's effect in the future, not on today's society. Most importantly, while the article suggests that privacy might be infringed as technology makes the world more connected, it does not suggest that anyone will use technology to control the lives of everyone else. Plaintiff provides no other evidence that defendants violated his civil rights. Plaintiff's evidence therefore is not sufficient to raise a genuine issue of material fact regarding whether his civil rights were violated. Defendant therefore is entitled to summary judgment for claims under 42 U.S.C. § 1983 and *Bivens*.

## B. Section 1985(3) Conspiracy

■ Section 1985(3) also provides a possible civil rights cause of action for plaintiff. It states:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ...; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Defendant argues that plaintiff fails to meet the required elements for a conspiracy to violate his civil rights. Under § 1985(3), plaintiff must show (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993).

■ It is unclear whether plaintiff even believes that defendant knowingly participated in a conspiracy. To be liable for a conspiracy, defendant must intend to act in conjunction with another to deprive plaintiff of his rights. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Plaintiff states that he "never accused any Yellow Logistics employees of conspiring against him." Plaintiff's *Opposition* at 3. Plaintiff also states that "none of the Yellow entities had control of their companies." Plaintiff's *Opposition* at 3. Plaintiff continues to allege that the bound network is a conspiracy, but he seems to view defendant as an unwitting pawn rather than a conspirator.

■ In addition, plaintiff does not allege a conspiracy that is either race-based or class-based. Plaintiff states:

> This claim has to do with me even though others have been violated in this work environment. Throughout my depositions I refer to my rights as being violated as a individual person. It is true that there millions of people involved but that does not eliminate violations on an individual level. This case has to do with specific characteristics and attributes that make up profiles of individuals.

Plaintiff's *Opposition* at 4 (grammar in original). Plaintiff's claim can be interpreted as alleging that the bound network discriminates against two different classes: (1) himself or (2) everyone. Either way, plaintiff fails to allege class-based animus. Section 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton*, 6 F.3d at 686 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). The Supreme Court has narrowly construed what constitutes class-based discrimination. *Id.* (citing *United Brotherhood of Carpenters & Joiners of America Local 610, AFL–CIO v. Scott*, 463 U.S. 825, 837, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Animus solely against an individual is obviously not class-based. At the other end of the spectrum, animus against

everyone is not the type of class-based discrimination against which § 1985 protects.

 Plaintiff also fails to present sufficient evidence that defendant violated his civil rights. The record shows that plaintiff believes defendant acted in furtherance of the conspiracy by hiring people with certain names and placing them on a list of telephone numbers that plaintiff's employer provided him. Viewed alone, this evidence is not sufficient for a reasonable jury to find that defendant took action to further the conspiracy against plaintiff. To have any meaning, plaintiff must connect this evidence with his evidence regarding word associations and name recognition. As previously discussed, plaintiff lacks sufficient probative evidence to convince a reasonable jury that defendant took any action in furtherance of the conspiracy. Plaintiff also lacks probative evidence that defendant violated plaintiff's civil rights. Plaintiff fails to provide enough evidence to raise a genuine issue of material fact for a claim under § 1985(3).

**C. Section 1986**

Section 1986 also provides a possible cause of action for civil rights violations. It provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986. Plaintiff appears to believe that defendant did not have knowledge that the bound network exists. Defendant is therefore not liable under § 1986 because it is undisputed that defendant did not know about the violations of plaintiff's civil rights by the network.

Even if plaintiff argues that defendant had knowledge of a conspiracy, he cannot raise genuine issues of material fact to allow a claim under § 1986. To bring a § 1986 claim, plaintiff must first show a conspiracy in violation of § 1985(3). *Abercrom-*

*bie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir.1990). As discussed above, plaintiff fails to raise a genuine issue of material fact regarding the existence of a § 1985(3) conspiracy. Without sufficient evidence of a conspiracy, plaintiff is also unable to show genuine issues of fact that allow a § 1986 claim.

**IT IS THEREFORE ORDERED** that defendant's *Motion For Summary Judgment* (Doc. # 82) filed August 28, 1998 be and hereby is **SUSTAINED.**