**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARK KOWACK,
                *Plaintiff-Appellant*,

v.

UNITED STATES FOREST SERVICE;
THOMAS TIDWELL, Chief of the
United States Forest Service,
                *Defendants-Appellees*.

No. 12-35864

D.C. No.
9:11-cv-00095-
DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
April 10, 2014—Seattle, Washington

Filed September 9, 2014

Before: Alex Kozinski, Chief Judge, Johnnie B. Rawlinson
and Carlos T. Bea, Circuit Judges.

Opinion by Chief Judge Kozinski

## SUMMARY[*]

### Freedom of Information Act

The panel reversed in part the district court's summary judgment entered in favor of the United States Forest Service in an action challenging the Forest Service's response to a Freedom of Information Act request.

Mark Kowack, a teacher in the Forest Service's Job Corps Program, filed a Freedom of Information Act ("FOIA") request to obtain records pertaining to a misconduct investigation. The Forest Service responded that it had located responsive pages, but withheld a number of pages under certain FOIA Exemptions. After an administrative appeal, the agency disclosed 188 pages of documents, many of which were heavily redacted. The district court ordered the Forest Service to create a Vaughn index describing each document and explaining why each document was exempt from disclosure.

Concerning Kowack's challenge to redactions to twenty-two pages of witness statements made to an investigator by employees other than himself, the panel held that it did not have enough information to assess whether the Forest Service properly redacted the documents pursuant to FOIA Exemption 6, the personal privacy exemption. Concerning Kowack's challenge to redactions made to seventeen pages of administrative documents and reports created by the agency investigator and redacted under FOIA Exemption 6 and FOIA

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Exemption 5 (which protects certain intra-agency records), the panel held that Exemption 6 did not justify non-disclosure of the documents and there was insufficient information to determine whether Exemption 5 applied. Concerning Kowack's challenge to the redaction of grievance-related documents created by the National Federation of Employees and complaints made by employees other than Kowack, the panel held that the documents were properly withheld under FOIA Exemption 6.

The panel remanded to the district court to order the government to produce a more detailed Vaughn index with regard to the first two categories of documents, and, if that was insufficient, to conduct an in camera review. The panel directed the district court to disclose the documents if the government failed to meet its burden. The panel held that the remaining redactions were proper.

## COUNSEL

Stacey Weldele-Wade (argued), Antonioli and Wade, P.C., Missoula, Montana, for Plaintiff-Appellant.

Michael W. Cotter, United States Attorney, George F. Darragh, Jr. (argued), Assistant United States Attorney, Great Falls, Montana, Karen Carrington, Office of General Counsel, U.S. Department of Agriculture, Charles Spricknall, Office of General Counsel, U.S. Department of Agriculture, Washington, D.C., for Defendant-Appellee.

## OPINION

KOZINSKI, Chief Judge:

Democracy functions ill in shadow, yet government bureaucracies are notoriously reluctant to reveal their internal processes.  Recognizing this tension, Congress passed the Freedom of Information Act ("FOIA") in 1966.  FOIA fosters transparency by adopting a baseline presumption that information in the hands of the government belongs to the people and must be disclosed on request.  But some secrecy is necessary, so FOIA includes several narrow exemptions.  We consider how much the government must explain to show that an exemption blocks the release of requested information.

## I.  Background

Mark Kowack teaches disadvantaged youth at the Trapper Creek Center in Darby, Montana as part of the Forest Service Job Corps Program.  Kowack claims that in 2008 he "began experiencing threats, aggression, and workplace hostility from certain of his co-workers."  He says he feared for the safety of himself and his students.

After Kowack filed a complaint and sought help from one of his senators, the Director of the Jobs Corps National Center launched an investigation into "allegations of work place violence, threatening remarks and a negative work place culture" at the Trapper Creek Center.  The investigator interviewed and obtained statements from all four employees in the center's education department including Kowack, the center's director and two other individuals; the investigator also gathered grievance records, disciplinary letters and

informal complaints. These documents were compiled into a report that was presented to the Forest Service's Misconduct Investigations Program Manager and the National Director of the Jobs Corps Program, among others. Ultimately, the Forest Service declined to take any action and closed the investigation. It notified Kowack of its decision, but gave him almost no explanation for it.

Dissatisfied, Kowack filed a FOIA request to obtain copies of the investigative report and "all statements, interviews, photos, notes and any other documents that pertain to the 'misconduct investigation.'" The Forest Service responded that it had located 173 responsive pages, 80 of which it withheld under the personal privacy exemption. *See* 5 U.S.C. 552(b)(6).

Kowack filed an administrative appeal, which resulted in the disclosure of 188 pages of documents, many of which were heavily redacted. The redacted documents fall into five categories: (1) statements made to the investigator by employees other than Kowack; (2) administrative documents and reports created by the investigator; (3) grievance-related documents created by the National Federation of Federal Employees; (4) disciplinary letters issued to employees other than Kowack; and (5) a complaint made by an employee other than Kowack to the Trapper Creek Jobs Corps Center Director.

Kowack sued, challenging the redactions and moved for in camera inspection of the documents. Instead, the district court ordered the Forest Service to create a Vaughn index describing each document and explaining why each document was exempt from disclosure. As its Vaughn index, the Forest Service submitted a declaration from Sherry Turner, the

Assistant Director of the Forest Service's FOIA and Privacy Office. The district court granted the Forest Service's motion for summary judgment. Kowack appeals.

## II. Discussion

We employ a two-step standard of review when considering a district court's grant of summary judgment in a FOIA case. *Yonemoto* v. *Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012). First, we review de novo whether "an adequate factual basis exists to support the district court's decisions." *Lane* v. *Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008). In making this determination, we may rely solely on government affidavits "so long as the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim." *Lion Raisins, Inc.* v. *U.S. Dep't of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004). If the affidavits are inadequate, we may return the case to the district court for the production of a more detailed Vaughn index and, if necessary, a "first-hand determination of [documents'] exempt status." *Church of Scientology of Calif.* v. *U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1979).

But, if the affidavits are adequate, we review the district court's "conclusions of fact . . . for clear error, while legal rulings, including [the district court's] decision that a particular exemption applies, are reviewed *de novo*." *Lane*, 523 F.3d at 1135. The government, of course, has the burden of proof. *U.S. Dep't of Justice* v. *Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989).

## A. Witness Statements

Kowack challenges the redactions to twenty-two pages of witness statements made to the investigator by employees other than himself. The government redacted the documents pursuant to Exemption 6, the personal privacy exemption. Exemption 6 protects information about individuals when contained in "personnel and medical" or other "similar files," if disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Kowack argues that the government hasn't proven that the witness statements are "similar files" because they don't contain "information similar to that found in a standard personnel file." *Church of Scientology*, 611 F.2d at 746. But we've defined "similar files" broadly to include "records containing information that applies to particular individuals." *Forest Serv. Emps. for Envtl. Ethics* v. *U.S. Forest Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008). Thus, files containing citizenship information on specific individuals; reports of interviews with Haitian nationals involuntarily returned to Haiti; and a report analyzing an agency's response to a wildfire have all been found to be "similar files." *See Prudential Locations, LLC* v. *U.S. Dep't of Housing & Urban Devel.*, 739 F.3d 424, 429 (9th Cir. 2013). Because a witness's statement about misconduct he has observed in the workplace "contain[s] information that applies to particular individuals," such statements qualify as "similar files." *See Forest Serv. Emps.*, 524 F.3d at 1024.

Nonetheless, the district court erred in finding that the Turner declaration provides an adequate factual basis for concluding that disclosure of the witness statements would "constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6). For, even personal information must be disclosed unless doing so is "clearly unwarranted," and this is true only when the individual's privacy interest outweighs the public interest. *See Yonemoto*, 686 F.3d at 694. The only public interest we consider is "the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *U.S. Dep't of Defense* v. *Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994) (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773) (alteration in original).

Because the district court didn't conduct an in camera review, we have only Turner's description of the withheld documents, as contained in her Vaughn index declaration, but this description is too vague to allow us to weigh either the privacy or the public interests at stake. Turner states that the witness statements contain "allegations of workplace violence, threatening remarks, and a negative workplace culture," and that the Forest Service redacted "names, job titles, and other personal identifiers of [the witnesses] and their detailed accounts and allegations because disclosing such information would lead to their identification."

We've recognized that a privacy interest exists in avoiding embarrassment, stigma and harassment, *see Forest Serv. Emps.*, 524 F.3d at 1026, and the knowledge that a specific employee was associated with the investigation could implicate the employee's privacy interest. But that doesn't help the government in this case because we already know the identities of most of the people interviewed—all employees of the Education Department, the center director and two other individuals. At least the department employees and the

center director, then, have no privacy interests in preventing the public from knowing about their involvement with the investigation.

The witnesses *may* have a privacy interest in ensuring that their names aren't associated with specific incidents reported to the investigator. But the government hasn't provided enough information for us to make an independent determination whether it's necessary to withhold all details about the events the witnesses described in order to protect that interest. *See Yonemoto*, 686 F.3d at 694. The government justifies its redactions only by noting that the center is located in a small community and has a small staff: Because of the limited universe of possible suspects, the government argues, the public could easily identify who made which allegation, and which employee is being complained about. That's fine in theory, but the government hasn't told us anything about the type of incidents reported. It's entirely possible that the substance of the witness statements could be disclosed without revealing who made them. The government asks us to take its word for it. FOIA requires more.

Nor do we have enough information to assess the public interest. The district court found that any public interest in the witness statements is "marginal" because they "shed light only on interpersonal and interoffice conflict." But the Turner declaration discloses that the misconduct investigation "focused on allegations of workplace violence, threatening remarks, and negative workplace culture." For all we know, the witness statements reveal that the Trapper Creek Center is run by dangerous bullies who shouldn't be allowed anywhere near disadvantaged youth. That kind of information would certainly "let citizens know 'what their

government is up to.'"  *Fed. Labor Relations Auth.*, 510 U.S. at 497 (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773).  Without a more detailed description from the government, the only way we can determine the public interest is by looking at the documents ourselves.

## B. Administrative Documents and Reports Created by the Investigator

Kowack also challenges the redactions made to seventeen pages of administrative documents and reports created by the investigator.  These redactions were made pursuant to Exemption 5, which protects "intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5), and Exemption 6, the personal privacy exemption.  According to the Turner declaration, the documents "were created by the HRM Investigator and included the identity of all employees interviewed, case background, a list of issues/allegations, an index of documents contained in the investigative file, transmittal documents, and investigative summaries, findings and recommendations."  The government redacted, among other information, "names, identifiable portions of individual statements, cellular telephone numbers, and any references to disciplinary letters issued to employees other than Kowack."  Kowack doesn't argue that the redaction of the telephone number and names was improper, but he does challenge the withholding of the other information.

### 1.  Personal Privacy Exemption

The government justifies its invocation of the personal privacy exemption only by stating that "[t]he Forest Service

applied the same balancing test as described above [with regard to the witness statements]." There isn't a sufficient factual basis supporting the application of the personal privacy exemption to the documents created by the Investigator for the same reasons that there isn't a sufficient factual basis supporting the application of the exemption to the witness statements. *See* pp. 7–10 *supra*. Therefore, the personal privacy exemption doesn't justify the non-disclosure of these documents.

### 2. Intra-Agency Communication Exemption

Nor is the Turner declaration sufficient for us to conclude that Exemption 5, the intra-agency communication exemption, applies. Exemption 5 allows the government to withhold documents that fall within a recognized litigation privilege. *Dep't of Interior* v. *Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The Forest Service invokes the deliberative process privilege, which covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Carter* v. *U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting *Klamath*, 532 U.S. at 8). That privilege shields from disclosure documents that are both "predecisional" and part of the agency's "deliberative process," and applies only if "disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Maricopa Audubon Soc'y* v. *U.S. Forest Serv.*, 108 F.3d 1089, 1093 (9th Cir. 1997) (quoting *Assembly of the State of Cal.* v. *U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)).

Turner states that the documents are predecisional because the "assessments were developed by a subordinate employee to inform and assist the decision-maker" and "the Forest Service had made no final decision with respect to any of the allegations at issue." Because the documents were "prepared in order to assist an agency decisionmaker in arriving at his decision," the Turner declaration adequately shows that the documents are predecisional. *Id.* (internal citation omitted).

But the Turner declaration doesn't adequately show how the disclosure of any portion of the redacted documents would "expose 'the [agency's] decision-making process itself' to public scrutiny." *Nat'l Wildlife Fed'n* v. *U.S. Forest Serv.*, 861 F.2d 1114, 1118 (9th Cir. 1988) (quoting *Montrose Chemical Corp. of Calif.* v. *Train*, 491 F.2d 63, 68 (D.C. Cir. 1974)). Turner makes clear that at least some of the redacted information includes "the factual reasons why the investigator concluded that the allegations of workplace violence and employees making threatening remarks to one another were unsubstantiated." While facts aren't automatically subject to disclosure, "factual material that does not reveal the deliberative process is not protected." *Id.* at 1117 (internal quotations and alterations omitted) (quoting *Paisley* v. *CIA*, 712 F.2d 686, 698 (D.C. Cir. 1983)). Turner doesn't even say whether the government *tried* to segregate the factual information, let alone provide enough detail for us to conclude that the factual portions of the documents are "so interwoven with the deliberative material that [they are] not [segregable]." *United States* v. *Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000). A stand-alone fact section, for example, could likely be disclosed without revealing the agency's deliberative process, while isolated facts embedded within a subordinate's explanation of why the allegations

were meritless may not be. Without more information, we can't make the "independent assessment" that FOIA demands. *Lion Raisins, Inc.*, 354 F.3d at 1079.

## C. Other Categories of Documents

Kowack also challenges the redaction of grievance-related documents created by the National Federation of Employees and complaints made by employees other than Kowack to the center director pursuant to the personal privacy exemption.[1] The grievance documents were redacted to withhold "[a]ny information that would identify individual employees other than KOWACK including names, and dates and details of specific incidents." The informal complaint was redacted to "remove the name and other identifying information of the complainant and the content of the complaint and response."

Because the public interest in disclosure of these documents is minimal, the documents were properly withheld. Courts have recognized that, where there is no public interest, "we need not linger over the balance" between the public and private interests implicated by a particular document because "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Emps.* v. *Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). The Turner declaration sufficiently demonstrates that there is likely no public interest in these documents.

---

[1] Although the government also redacted a fifth category of documents—disciplinary letters issued to employees other than Kowack—Kowack's opening brief doesn't contain any specific argument about these documents. Any challenge to the redaction of those documents is therefore waived. *See Retlaw Broad. Co.* v. *NLRB*, 53 F.3d 1002, 1005 n.1 (9th Cir. 1995).

The grievance-related documents, which include "a notice of intent to file an unfair labor practice charge on behalf of an individual employee other than KOWACK and a pre-grievance settlement agreement," concern "the denial of Weingarten rights to an individual employee other than Kowack." *Weingarten* guarantees the right of employees to have union representation at investigatory interviews. *NLRB* v. *Weingarten, Inc.*, 420 U.S. 251, 253 (1975). While documents that would demonstrate a pattern of the denial of *Weingarten* rights could "she[d] light on [the Forest Service's] performance of its statutory duties," *U.S. Dep't of Defense*, 510 U.S. at 497, at most, the documents that Kowack has requested would shed light on *one* employee's complaint, greatly limiting its ability to reveal anything significant about the way the Forest Service generally operates. *See Hunt* v. *Federal Bureau of Investigation*, 972 F.2d 286, 288–89 (9th Cir. 1992) (contrasting the public interest in a request for a single disciplinary file with that in a request for multiple files). The public interest in the documents therefore could not possibly outweigh the employee's privacy interest, even if that interest is minimal.

The Turner declaration similarly demonstrates the lack of public interest in the informal complaint to the center director and the director's response. Those documents "concern unsubstantiated allegations and complaints made by one employee and the response to the employee by the Center Director." Like the grievance documents, this category of documents concerns only one complaint, and an unsubstantiated one at that. The privacy interest in these documents may be small—Turner doesn't provide enough detail for us to determine whether disclosure of any of the information would allow for the identification of the employee involved. But there is undoubtedly *some* privacy

interest in the submission of non-formal complaints.  *See Forest Serv. Emps.*, 524 F.3d at 1026.  And even that limited privacy interest is enough to outweigh whatever marginal public interest may exist in disclosure.[2]  *See id.*

*       *       *

We therefore remand for the district court to order the government to produce a more detailed Vaughn index with regard to the first two categories of documents, and, if that's not sufficient, to conduct an in camera review.  If the government can't meet its burden, the district court must order the documents disclosed.

The remaining redactions were proper.

**REVERSED IN PART AND REMANDED.  COSTS TO APPELLANT.**

---

[2] For the first time on appeal, Kowack argues that the Forest Service's search for documents was inadequate.  Because the argument is waived, we decline to address it.  *See Greger* v. *Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).