**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS BURTON, | No. 18-55999 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-00705-AG-KES |
| v. | |
| CHAD F. WOLF, in his official capacity as Acting Secretary of the Department of Homeland Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 3, 2020
Pasadena, California

Before: WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

Thomas Burton appeals the district court's order granting summary

judgment in favor of the Department of Homeland Security (DHS) on his claims

arising from his request for information under the Freedom of Information Act

(FOIA). We have jurisdiction under 28 U.S.C. § 1291, and we review the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's grant of summary judgment de novo, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam). We affirm.

1. The district court properly granted summary judgment in favor of DHS on Burton's FOIA request for "all information" referencing him documented by his estranged wife in her immigration proceedings. DHS determined that any relevant records would be contained in his estranged wife's alien file (A-File), and withheld the A-File records under FOIA's Exemption 6, which renders FOIA inapplicable to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

DHS correctly concluded that the records contained in the A-File are exempted from disclosure as records similar to "personnel and medical files." *See U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 598 (1982); *Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1133 (9th Cir. 2014). The A-File records contain personal identifying information, as well as immigration status and, if Burton is correct, allegations of domestic abuse. The privacy interests implicated are therefore nontrivial within the meaning of Exemption 6. *See Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 638 (9th Cir. 2017) (holding nontrivial information includes that which could cause "possible embarrassment, harassment, or the risk

2

of mistreatment"); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175–76 (1991) (disclosure of personal information such as "marital and employment status, children, living conditions and attempts to enter the United States" is a significant invasion of privacy when "linked" to specific people).

Burton has failed to demonstrate a significant public interest or that the information sought would advance that interest. *See Cameranesi*, 856 F.3d at 637. Burton argues that the disclosure would shed light on whether the government acted properly on his estranged wife's petition, given that civil and criminal cases against him for domestic abuse were dismissed. But a FOIA requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* at 640 (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)). Burton has not provided any evidence of impropriety in connection with the processing of his estranged wife's immigration petition. Nor does he suggest any reason why the disclosure of personal information in an isolated case would constitute an "appreciable" or "significant" advancement of the public's understanding of DHS's performance of its statutory duties. *See id.*

2. Burton also claims he is entitled to this information under the Privacy Act, which provides for disclosure of a person's own "record" or "any information pertaining to him which is contained in the system." 5 U.S.C. § 552a(d)(1).

3

Burton has forfeited this argument, however, because he did not seek this information under the Privacy Act in his initial FOIA request and failed to assert a Privacy Act claim before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (declining to reach an issue "not argue[d] in [the party's] memorandum of points and authorities supporting his motion for summary judgment before the district court").

Moreover, Burton would not have been entitled to the information under the Privacy Act in any event. *See Baker v. Dep't of Navy*, 814 F.2d 1381, 1383–84 (9th Cir. 1987). The Privacy Act covers only files that can be "retrieved by the name of the individual [requester] or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id.* at 1383 (quoting 5 U.S.C. § 552a(a)(5)). Burton seeks records retrievable only with the identifying information of his estranged wife in her A-File, not his own. In *Baker v. Department of Navy*, "we decline[d] to adopt [the] contention that an alleged adverse impact from a record that pertains to [the requester], but is not retrievable under [his] name, renders the record accessible under the Privacy Act." *Id.* at 1384. The same principle applies here.

3. Burton contends that DHS submitted an insufficient *Vaughn*[1] index. We disagree. Agencies must submit an affidavit "identifying the documents withheld,

[1] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

4

the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Lahr v. NTSB*, 569 F.3d 964, 989 (9th Cir. 2009) (quoting *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir.2004)). Here, DHS submitted the Eggleston Declaration, which identified the A-File as the withheld document and Exemption 6 as the basis for the withholding. The declaration further explained that the A-File was being withheld because Burton's estranged wife has a privacy interest in her immigration information and Burton did not make any showing of a countervailing public interest or provide a release from his estranged wife. Because the declaration provided Burton "a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding," *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991), the declaration was sufficient.

**AFFIRMED.**